UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dommernick Brown #11049-171,<br>United States of America,<br>*Suis Juris-Pro Se and Pro Se Coach-In Forma Pauperis*<br>*and Supporter of The-Second Coming of Jesus Christ*<br>*Super-Star The Messiah and Super-Star-and The Version of*<br>*The New World Order #777 ALMIGHTY-GODs New World*<br>*Order 777,*<br><br>                        Petitioner,<br><br>vs.<br><br>Hon. Warden B.R. Jett, et al. (Staff),<br>United Nations and Their So-Called New World Order of satan,<br>The Anti-Christ (POPE Francis),<br>Aliens and Etc.,<br>The Super-Rich Illuminate (t-Worlders),<br><br>                        Respondents. | C/A No.  4:15-1983-TLW-TER<br><br><br>REPORT AND RECOMMENDATION |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 has been submitted to the court pro se by a federal prison inmate. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. See 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**BACKGROUND INFORMATION**

Petitioner is a federal inmate currently located at the Federal Medical Center in Rochester, Minnesota.  In September of 2006, Petitioner pled guilty in this court to two counts of armed robbery

1

and aiding and abetting in violation of 18 U.S.C. Section 1951 (a) and 2, and one count of use of a firearm during and in relation to a crime of violence and aiding and abetting in violation of 18 U.S.C. Section 924(c) and 2.[1] See Docs. # 199, 201 in Cr. Case No. 4:04-cr-370. Thereafter he was sentenced to forty-eight months as to each of the armed robbery counts, with such terms to run concurrently, and one hundred twenty months as to 18 U.S.C. Section 924(c) charge, with such term to run consecutively to the 48 month terms on the armed robbery convictions, resulting in a total aggregate sentence of one hundred and sixty-eight months. See Doc. # 209 in Cr. Case No. 4:04-cr-370. In his Petition, Petitioner admits that he did not file a direct appeal from his conviction and sentence, nor did he file a motion pursuant to 28 U.S.C. § 2255 to vacate the sentence in the sentencing court within one year from the time the conviction became final. Doc. # 1 at 3-4. Review of the docket of his criminal case confirms these responses.  See Cr. Case No. 4:04-cr-370.

In the Petition submitted in this case, Petitioner sues the following defendants: Hon. Warden B.R. Jett, et al. (Staff), United Nations and Their So-Called New World Order of satan, The Anti-Christ (POPE Francis), Aliens and Etc.,and The Super-Rich Illuminate (t-Worlders).  It is well settled that a prisoner's custodian (generally, the warden of the institution where the prison is confined) is the proper respondent in a habeas corpus action. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004); *Talbot v. State of Indiana*, 226 F.3d 866, 870-71 (7th Cir.2000)(citing Rule 2(a) and (b) of the Rules Governing Section 2254 Cases in the United States District Courts); *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir.1995). Accordingly since the other named entities are not proper Respondents in this § 2241 proceeding, the Petition should

---

[1] The Court may take judicial notice of the filings in Petitioner's criminal case (4:04-cr-370-TLW). *See generally, Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970).

be dismissed as to them, and Warden Jett should be listed as the Respondent of record. The only cognizable claim Petitioner appears to plead is that his defense counsel was ineffective in connection with Petitioner entering his guilty plea and for failing to file an appeal.[2] Petitioner seeks a "complete dismissal of entire (full record) case due to illegally operating U.S. Govt."

## INITIAL REVIEW

Under established local procedure in this judicial district, the court has carefully reviewed Plaintiff's pro se Complaint. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996 (PLRA), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir.1995) ( en banc ); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir.1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir.1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious

---

[2]The majority of Petitioner's Petition could be characterized by what some courts have described as "buzzwords" or gibberish. *See Coghlan v. Starkey*, 852 F.2d 806, 812–16 (5th Cir. 1988) (collecting cases); and *Peebles v. Nat. Collegiate Athletic Ass'n*, Civil Action No. 3:88-2463-16(H), 1988 U.S.Dist. LEXIS 17247, at *1 n. 1 (D.S.C., Nov. 1, 1988) ("The material filed by the plaintiff is filled with what courts refer to as 'buzz words' but is lacking in enough specific facts to enable the court to determine precisely what it is that the plaintiff is contending that would entitle him to the damages he seeks from the National Collegiate Athletic Association (NCAA)."), *adopted*, 723 F. Supp. 1155 (D.S.C. 1989), *aff'd*, No. 89-2344, 887 F.2d 1080 [Table], 1989 WL 117826 (4th Cir. Sept. 21, 1989); *see also United States v. Messimer*, 598 F. Supp. 992, 993 (C.D. Cal. 1984) (describing pleadings filed by *pro se* litigant as "thirty-four pages of bizarre, repetitive and incomprehensible claims, contentions and sometimes gibberish").

case. *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n. 1 (4th Cir.2003). The requirement of liberal construction does not mean the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir.1990) (noting requirement of liberal construction does not mean court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; see also Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, the Petition submitted in this case should be summarily dismissed.

## DISCUSSION

The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in this case should be dismissed because Petitioner's claim(s) are cognizable only under 28 U.S.C. § 2255, not under 28 U.S.C. § 2241, and Petitioner has not shown that his is an exceptional case in which the § 2255 remedy is/was inadequate or ineffective. Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Triestman v. United States*, 124 F.3d 361, 373 (2d Cir.1997). In 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient

substitute for the traditional habeas corpus remedy. In doing so, Congress did not completely foreclose the use of § 2241 as a remedy for federal prisoners. Section 2241 remains an option whenever a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention. *See In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir.1997).[3]

Although Section 2241 has been found to be a valid review mechanism in limited situations since § 2255's passage, none of those situations is present here. For example, § 2241 has been found available to provide the district court with subject-matter jurisdiction in actions challenging the administration of parole, *see Doganiere v. United States*, 914 F.2d 165, 169–70 (9th Cir.1990); the computation of good-time or jail-time credits, *see McClain v. United States Bureau of Prisons*, 9 F.3d 503, 504–05(6th Cir.1993); prison disciplinary actions, *see United States v. Harris*, 12 F.3d 735, 736 (7th Cir.1994); and length of imprisonment allegedly beyond the expiration of a sentence, *see Atehortua v. Kindt*, 951 F.2d 126, 129–30 (7th Cir.1991). Essentially, § 2241 is an appropriate basis for a habeas petition when a prisoner challenges the manner of execution of his/her sentence, but it is not generally available when the underlying validity of the conviction and sentence is being challenged. *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir.1999) (collecting cases from other circuits). A petition for habeas corpus under § 2241, in contrast to a motion under § 2255, is the remedy to challenge federal confinement that is not pursuant to a sentence of a federal court, the unlawful execution of a valid sentence, or confinement beyond its term. *See Atehortua v. Kindt*, 951

---

[3]The "savings clause" states: An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

F.2d at 129–30.

  Petitioner's allegations about the alleged ineffective assistance he received from his defense counsel in connection with entering his guilty plea and a purported failure to file an appeal go to the underlying validity of his conviction and sentence rather than to the manner of execution of the sentence. Such matters are not properly considered under § 2241 unless Petitioner falls within the "savings clause" of § 2255. He may only be covered by that clause if he can show his is an exceptional case in which 28 U.S.C. § 2255 is neither an adequate nor effective remedy for those issues. *See In re Vial*, 115 F.3d 1192, 1194–95 (4th Cir.1977); *Tanksley v. Warden*, No. 99–4391, 2000 WL 1140751(6th Cir. Aug.08, 2000); *Gonzales v. Snyder*, No. 00–1095, 2000 WL 636908 (8th Cir. May 18, 2000); *Elzie v. Pugh*, No. 99–1002, 1999 WL 734453 (10th Cir. Sept.21, 1999).

  Petitioner offers no argument as to why a Section 2255 petition is an ineffective or inadequate remedy. See Doc. # 1. A review of the docket of his criminal case indicates that he has never attempted to file a § 2255 motion, even though he could have done so, and could have sought equitable tolling of the limitations period if necessary. *See, e. g., United States v. Sosa*, 364 F.3d 507, 512–13 (4th Cir.2004) (discussing equitable tolling under § 2255); *United States v. Patterson*, 211 F.3d 927, 930–32 (5th Cir.2000) (same). The court makes no conclusion as to whether equitable tolling would be available to Petitioner; however, when considering whether the "savings clause" applies to a § 2241 petition, Fourth Circuit law provides that the possibility that a § 2255 motion filed by Petitioner might be found untimely does not render the § 2255 remedy inadequate or ineffective. *See In Re Vial*, 115 F.3d at 1194 n. 5; *see also Jiminian v. Nash*, 245 F.3d 144, 147–48 (2d Cir.2001) (collecting cases). Petitioner cannot claim that the § 2255 remedy is "inadequate or ineffective" in his case because he has not attempted to file a § 2255 motion with the sentencing

court in order to properly raise the issues of conviction/sentence invalidity he seeks to raise here. Had he done so, if the sentencing court refused to apply equitable tolling to his filing, he would still have an appeal from that decision to the Fourth Circuit Court of Appeals. Petitioner has not attempted to raise his issues before the proper tribunals, and he cannot show his case is so exceptional that § 2241 should be used to test the continued validity of his confinement. Rather, Petitioner's failure to pursue available and appropriate statutory procedures to have his arguments considered in the proper forum indicates he may have filed his § 2241 Petition was filed in an attempt to circumvent the requirements of the Anti–Terrorism and Effective Death Penalty Act of 1996 ("the AEDPA"), which the court cannot permit.

## RECOMMENDATION

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed without prejudice.

s/ Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

May 29, 2015
Florence, South Carolina

**Petitioner's attention is directed to the important notice on the next page.**

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).